HOMMELL *v.* GAMEWELL.

In an action for money paid for the defendant, it appeared that the plaintiff had been surety for the defendant in a note for 375 dollars; that the payee, when the note became due, made a demand on the plaintiff for payment of it; that the plaintiff transferred to the payee a note for 400 dollars on a third person, in discharge of the joint note, and took it up with satisfaction indorsed on it; and that more than a year had intervened between the time of taking up the joint note, and that of the commencement of the suit. Verdict for the defendant. *Held*, that the plaintiff was entitled to a new trial.

On the trial of the above-named cause, the plaintiff proved the contents of the notes, and the indorsement on one of them, by parol evidence, without accounting for the absence of the instruments,—the defendant not objecting to the evidence. *Held*, that the admission of the parol evidence, in such case, was not erroneous.

ERROR to the *Monroe* Circuit Court.

DEWEY, J.—Assumpsit for money paid by the plaintiff to the use of the defendant. General issue; verdict for defendant; motion for new trial overruled; and judgment upon the verdict.

The evidence is, that *Gamewell* was indebted to one *Watson* in the sum of 375 dollars, for which he executed his note with *Hommell* as his surety. The note not being paid at maturity, *Watson* demanded payment of *Hommell*. At the time of this demand, *Watson* held a promissory note for 400 dollars in favour of *Hommell*, which the latter had placed in his hands for collection. *Hommell* transferred this note to *Watson* in discharge of the debt for which he was *Gamewell's* surety, and took up the joint note with satisfaction in full indorsed upon it. The note transferred not being due at the time of this transaction, a small discount was made upon it. More than a year intervened between the transfer of the note for 400 dollars to *Watson* and the commencement of this suit. The evidence was all parol, the notes not having been produced, or their absence accounted for. No objection, however, was made to the admission of the testimony.

The error assigned is, that a new trial was refused by the Court.

Without considering whether this case might be brought within any of the exceptions to the general rule, that to support an action for money paid, *money* must have been

Nov. Term, 1838.

actually paid, we are inclined to the opinion, that according to that rule, the evidence was too strong in favour of the plaintiff to authorise a verdict for the defendant, and that a new trial should have been awarded. We think the jury should have inferred that the money had been received by *Watson* on the note for 400 dollars before the commencement of the suit. The plaintiff evidently has a meritorious cause of action, and though it would have been safer for him to have declared specially, we feel disposed, under all the circumstances of the case, to refer the merits of the action in its present form to another jury.

It has been urged in favour of the verdict, that the payment by *Hommell* was voluntary; and that it was without the request of *Gamewell.* Neither of these views is correct. *Hommell* was under a legal liability to pay the debt to *Watson*, who had demanded it of him; he had a right to discharge his liability without incurring the cost and trouble of a suit. The relation in which he stood to *Gamewell* as his surety implied his request to pay the money, provided he did not do it himself, at the maturity of the note.

It is also urged that parol testimony of the contents of the notes, and of the indorsement upon one of them, was not admissible without accounting for the absence of those documents, and that, therefore, the cause of action was not established by legal proof. This objection comes too late; it should have been made when the evidence was adduced.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*C. P. Hester*, for the plaintiff.
*M. Hulett*, for the defendant.